IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | Case No. 15-57592 |
| KEMPER R. & SUSAN C. ANSEL, | : | Chapter 13 |
| Debtors. | : | JUDGE PRESTON |

### DEBTORS' OBJECTION TO PROOF OF CLAIM
### OF REGIONAL INCOME TAX AGENCY (CLAIM #2)

Come now Debtors, and pursuant to *11 U.S.C. 505, 506, 507, 502(a) and (b)*, *Bankruptcy Rules of Procedure 3001, 3007,* and *L.B.R. 3007-1*, hereby OBJECT to the proof of claim of the REGIONAL INCOME TAX AGENCY, ATTN: Legal Dept., P.O. Box 470537, Broadview Heights, OH 44147-0537 ("Claimant"), in the above-captioned proceeding. This claim was filed on December 23, 2015, and has been designated as **Claim #2** in this case.

The factual and legal grounds supporting the issuance of an order disallowing/modifying this claim are more fully set forth in the accompanying Memorandum in Support.

Respectfully submitted,

*/s/ Christopher J. Spiroff*
Christopher J. Spiroff (0042247)
1180 South High Street
Columbus, Ohio 43215
614.224.2104
Fax: 614.224.2066
admin@spirofflaw.com
Case Attorney for Debtors

MEMORANDUM IN SUPPORT

I. FACTS RELEVANT TO DEBTORS' CASE/PLAN

The Debtor's Chapter 13 case was filed on November 25, 2015. The case is scheduled for the initial § 341 Hearing on January 6, 2016. The case is set for hearing on confirmation on February 4, 2016. The Debtors' Plan provides a 50% dividend to general, unsecured, non-priority creditors. The best interest dividend in the case is 0%. The Debtor are above median income.

II. FACTS RELEVANT TO 2009, 2010, AND 2011 PORTIONS OF CLAIM

The Debtors duly-scheduled general unsecured, non-priority municipal income tax claims in favor of Claimant in the following amounts for the years below designated. Claimant has asserted *priority* liability for these claims in the amounts indicated below:

| Tax Year | Scheduled Claim | Total amount Claimed |
|---|---|---|
| 2009 | $3,593.00 | $5,858.00 |
| 2010 | $2,404.00 | $4,627.25 |
| 2011 | $2,896.00 | $4,924.65. |

Debtors aver that these taxes must be disallowed as priority claims. *11 U.S.C. 507(a)(8); 11 U.S.C. 502(b)(1); 11 U.S.C. 502(b)(2).* These claims should, however, be allowed as general unsecured, non-priority claims in the case.

III. FACTS RELEVANT TO 2014, 2013, and 2012 PORTIONS OF PROOF OF CLAIM

The Debtors duly-scheduled priority municipal income tax claims in favor of Claimant in the following amounts for the years below designated, and Claimant has asserted priority liability for these claims in the amounts indicated below:

| Tax Year | Scheduled Claim | Total amount Claimed |
|---|---|---|
| 2012 | $2,431.00 | $3,696.34 |
| 2013 | $2,702.00 | $3,622.03 |

    2014                          $2,899.00                          $3,364.29.

Debtors assert that the priority claims for 2012, 2013, and 2014 should be allowed as priority claims in the amount scheduled. Debtors hereby object to allowance of the claims for these tax years in an amount greater than that scheduled as each appears to include an interest component in an amount that cannot be accurate, or cannot be justified under applicable non-bankruptcy law.. *11 U.S.C. 502(b)(1); 11 U.S.C. 507(b)(2).*

IV.    RELIEF REQUESTED

Debtors request Claimant's claim be disallowed/modified as to amount and treatment as follows, and that the Court grant such other legal and equitable relief as may be proper under the circumstances:

    A.    That Claimant's claim for the 2009 tax year be found to be a general unsecured, non-priority debt in the amount of $3,593.00, be reclassified as the same, and paid per the terms of the Debtors' confirmed Plan.

    B.    That Claimant's claim for the 2010 tax year be found to be a general unsecured, non-priority debt in the amount of $2,404.00, be reclassified as the same, and paid per the terms of the Debtors' confirmed Plan.

    C.    That Claimant's claim for the 2011 tax year be found to be a general unsecured, non-priority debt in the amount of $2,896.00, be reclassified as the same, and paid per the terms of the Debtors' Plan.

    D.    That Claimant's claim for the 2012 tax year be found to be a general unsecured, non-priority debt in the amount of $2,431.00, and paid per the terms of the Debtors' confirmed Chapter 13 Plan.

    E.    That Claimant's claim for the 2013 tax year be found to be a general unsecured, non-priority debt in the amount of $2,702.00, and paid per the terms of the Debtors' confirmed Chapter 13 Plan.

    F.    That Claimant's claim for the 2014 tax year be found to be a general unsecured, non-priority debt in the amount of $2,899.00, and be paid per the terms of the Debtors' confirmed Chapter 13 Plan.

    G.    That the Debtors be granted such other relief as may be appropriate under the circumstances before the Court.

                                                      /s/ *Christopher J. Spiroff*

**CERTIFICATE OF SERVICE
AND NOTICE OF FILING OF OBJECTION TO PROOF OF CLAIM**

    The undersigned hereby certifies that a true and accurate copy of the foregoing Objection To Proof of Claim was served through electronic means, or by regular, first-class, U.S. Mail, postage prepaid, upon the following parties at the addresses, and on the date, appearing below. The undersigned further states that the Debtor has filed an objection to the above-referenced claim. **Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.** If you do not want the court to eliminate or change your claim, then on or before **thirty (30) days from the date of filing**, you or your lawyer must file with the court a written response to the objection, explaining your position at: Clerk, United States Bankruptcy Court, 170 N. High Street, Columbus, OH 43215. If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date shown above. You must also mail a copy to the Debtor(s) Case Attorney, Christopher J. Spiroff, Esq., 1180 South High Street, Columbus, OH 43206. If the above action is not taken in timely fashion, the Debtor or the Debtor's attorney, may submit an order to the court granting the relief requested above.

*12/29/15*                                               /s/ *Christopher J. Spiroff*

**served electronically**

Frank M. Pees, Chapter 13 Trustee
U.S. Trustee

**served by regular, U.S. Mail**

Kemper & Susan Ansel, 6279 Parkmeadow Lane, Hilliard, OH 43026

RITA, P.O. Box 470537, Broadview Heights, OH 44147

RITA, P.O. Box 94801, Cleveland, OH 44101-4801

Regional Income Tax Agency, Attn: Legal Dept., P.O. Box 470537, Broadview Heights, OH 44147-0537